```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**MILTON LEE,**

            Petitioner,

      v.                          CASE NO.  11-3167-SAC

**STATE OF KANSAS,**
**et al.,**

            Respondents.

### O R D E R

Petitioner is confined at the Shawnee County Jail, Topeka, Kansas. He entitled the initial pro se pleading filed in this action "Petition for Injunction." He has also filed a Motion for Leave to Proceed in forma pauperis (IFP).

As the factual basis for this action, Mr. Lee alleges as follows. On November 5, 2010, he was arrested without probable cause and charged with criminal threat and arson. The arrest report dated November 5, 2010, differs from the Topeka Police Department Affidavit of the same date as to what the victim claimed he did and indicates that "respondents did not have 'reasonably trustworthy' information to believe petitioner committed or was committing an offense" so as to support a finding of probable cause to arrest and prosecute for criminal threat and arson. Mr. Lee asserts that his arrest and prosecution are in violation of his rights under the Fourth and Fourteenth Amendments.

**MOTION TO PROCEED IFP**

Mr. Lee has not filed a complete motion to proceed IFP in that he has not provided the financial information required by federal law. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a

civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a), and Mr. Lee will be given time to submit a proper motion on forms with the requisite financial information.  This action may not proceed until he has submitted a motion that conforms to the requirements of Section 1915(a).  If Mr. Lee fails to comply with this or any order herein, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Lee is a prisoner, the court is required by statute to screen his pleading and to dismiss any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the petition or complaint is subject to being dismissed for failure to state a claim.

**PETITION FOR INJUNCTION AS CIVIL ACTION**

Mr. Lee cites no statutory basis for jurisdiction in this action.  He vaguely refers to the federal court's "discretionary power" and "the interposition of a court of equity to prevent irreparable injury which is clear and imminent."  Viewing this

2

action as nothing more than a petition for injunction based upon the court's equity power, the court finds it should be denied under 28 U.S.C. § 2283.  Section 2283 is a limitation upon the exercise of a federal district court's equity jurisdiction, which provides:

> A court of the United State may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Id.

Furthermore, if this action is viewed as nothing other than a petition for injunction, Mr. Lee's motion to proceed IFP will be denied, and he must pay the filing fee of $350.00 in full for a regular civil action.  This is because Mr. Lee has previously been designated a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).[1]  The allegations in his petition do not suggest that he is in imminent danger of serious physical injury, which is the only exception to the full fee requirement in § 1915(g).

If this action were construed as a civil rights complaint under 42 U.S.C. § 1983 seeking injunctive relief for denial of constitutional rights, Mr. Lee's three-strikes status would call for the same result.

**HABEAS CORPUS PETITION**

Mr. Lee, who is no stranger to this court, does not assert jurisdiction under the habeas corpus statute, 28 U.S.C. § 2241.  He does not seek money damages.  However, he seeks an injunction to stay state criminal proceedings in State v. Lee, Case No. 10 CR

---

[1]  See Lee v. Scharf, Case No. 04-3312-GTV (D. Kan. Oct. 28, 2004)(and cases cited therein).

2087, that are apparently pending in the District Court of Shawnee County, Kansas. He also asks this federal court to declare that he was arrested without probable cause. He does not ask the court to order a prompt probable cause hearing.

The court takes judicial notice of the docket sheet in State v. Milton, Case No. 10 CR 2087. That state court record indicates that Mr. Lee was charged with criminal threat and that a warrant was issued on November 10, 2010. There is no indication that he was charged with arson in that case.

This action might properly be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2241. See Fuller v. Baird, 306 Fed.Appx. 430, 431 n.2 (10th Cir. 2009)(unpublished).[2] § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions. However, Mr. Lee's request that this court enjoin his state criminal prosecution is clearly directed at his state criminal prosecution, and not at the legality of pretrial detention.[3]

**YOUNGER ABSTENTION**

Whether this matter is considered a civil action or a habeas petition, the court is barred from enjoining Mr. Lee's ongoing state criminal proceedings by Younger v. Harris, 401 U.S. 37 (1971). The United States Supreme Court held in Younger that federal courts are

---

[2] Unpublished opinions cited herein are not cited as binding precedent, but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

[3] "The Fourth Amendment probable cause determination is addressed only to pretrial custody." See Gerstein v. Pugh, 420 U.S. 103, 114 (1975)("[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."). Mr. Lee does not claim or allege that his continued confinement pending trial has been without opportunity for a probable cause determination.

4

forbidden "to stay or enjoin pending state court proceedings except under special circumstances." Id. at 41. The Younger abstention doctrine is based on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems. Younger, 401 U.S. at 44-45; J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291 (10th Cir. 1999)(In Younger, the Supreme Court held that "a federal court should not enjoin a pending state criminal proceeding unless an injunction is necessary to prevent great and immediate irreparable injury.")(citing see Younger, 401 U.S. at 43-45); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982)(The decision in Younger rested on "a strong federal policy against federal-court interference with pending state judicial proceedings."). The Younger doctrine provides that a federal court should not intervene in state criminal prosecutions when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims. Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003); see also Seneca-Cayuga Tribe of Okla. v. State of Okla., 874 F.2d 709, 711 (10th Cir. 1989)(noting that abstention under Younger is not discretionary once the above three conditions are met, absent extraordinary circumstances).

All three conditions for Younger abstention are clearly met in this case. First, there are ongoing state criminal proceedings in

5

the District Court of Shawnee County Case No. 10 CR 2087. The docket sheet indicates that petitioner's trial is set for this month. Furthermore, the prosecution of a person accused of violating state law unquestionably implicates an important state interest. See e.g., Hicks v. Miranda, 422 U.S. 332, 349 (1975)(invoking Younger abstention in a case involving a pending state criminal prosecution, noting that the doctrine was "designed to permit state courts to try state cases free from interference by federal courts . . . .")(quotation and citation omitted)). Finally, the Kansas courts are providing Mr. Lee with an adequate opportunity to present his federal constitutional claims. The docket sheet shows that, despite Mr. Lee's misconduct having resulted in several scheduling changes, he was provided a preliminary hearing. He has been provided counsel, and he was given the opportunity to participate in pretrial matters. Mr. Lee does not allege or show that he has no remedy in state court to redress any possible illegality in his arrest. See Wilson v. Schnettler, 365 U.S. 381, 384 (1961). After Mr. Lee's trial, if he is convicted, he will have the opportunity to directly appeal his conviction and sentence where his federal constitutional claims may be raised, and he will also have the chance to present federal constitutional claims in a post-conviction application for relief. See K.S.A. § 60-1507. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Thus, it appears that the state courts provide ample opportunity for Mr. Lee to present his federal

6

constitutional claims.

Mr. Lee has not alleged any facts indicating that this is one of the rare cases of "proven harassment" or that his prosecution has been "undertaken by state officials in bad faith" without hope of obtaining a valid conviction," or that this is an "extraordinary circumstance[ ] where irreparable injury can be shown." Perez v. Ledesma, 401 U.S. 82, 84-85 (1971). He alleges no facts indicating that he is either "threatened with any injury other than that incidental to every criminal prosecution brought lawfully and in good faith," or that there is a threat to his federally protected rights that cannot be eliminated by his defense against his state criminal prosecution. Id. at 46-47.

In any event, Mr. Lee does not allege sufficient facts to present a plausible claim that either his arrest was, or his pending prosecution is, without probable cause. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004); Spalsbury v. Sisson, 250 Fed.Appx. 238, 245 (10th Cir. 2007)(unpublished). In determining whether an officer had probable cause to make an arrest, the court looks objectively at the reasonable conclusions that could have been drawn based on the facts known to the officer at the time of the arrest. See Devenpeck, 543 U.S. at 152-53. In Devenpeck, the Supreme Court clarified that an arrest is lawful under the Fourth Amendment so long as probable cause existed as to any offense that could be charged. See id.. Petitioner's own allegations and exhibits indicate that the arresting officer could have believed he had committed or was

7

committing the crime of criminal threat. Moreover, the court disagrees with petitioner that there is any significant difference between the arrest report and the affidavit he exhibits.

Furthermore, as Mr. Lee has repeatedly been informed by this court, before he may challenge a state prosecution in federal court on any grounds, he must have first exhausted all remedies available in the state courts. It has long been settled that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971); see Ex parte Royall, 117 U.S. 241, 252-53 (1886); Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006). This generally requires, absent extraordinary circumstance, that the claim be properly presented to the highest state court. Since Mr. Lee has criminal proceedings currently pending against him in state district court, it plainly appears that he has not presented this claim to the highest state court.

Whether this action is construed as a civil complaint or a habeas corpus petition, in order to state a claim Mr. Lee must allege facts showing a federal constitutional violation. The allegations in his pleading and the attached exhibits do not show that Mr. Lee was arrested without probable cause. His allegations and exhibits indicate nothing more than that he was arrested in November 2010 for criminal threat. In addition, they show that the arresting officer believed he had probable cause for an arrest and that an application was made for a warrant for Lee's arrest. Lee does not allege facts indicating that a judicial determination of probable cause has never been made, or that an arrest warrant was

8

not secured. In short, Mr. Lee's claim that his arrest was without probable cause is not supported by his allegations and is nothing more than a conclusory statement.

Mr. Lee will be given time to show cause why this action should not be dismissed for the foregoing reasons. If he fails to show cause within the time allotted, this action will be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is given twenty (20) days in which to submit a complete motion to proceed IFP on forms provided by the court and the requisite financial information in support.

**IT IS FURTHER ORDERED** that within the same twenty-day period, petitioner must declare to the court whether or not he brings this action as a habeas corpus petition pursuant to 28 U.S.C. § 2241, and if not, he must submit the full filing fee for a civil complaint of $350.00 within this time frame or this action will be dismissed.

**IT IS FURTHER ORDERED** that if petitioner states that he is proceeding under 28 U.S.C. § 2241, within the same twenty-day period, he is required to show cause why this action should not be dismissed under the Younger abstention doctrine, and for failure to exhaust state court remedies as well as for failure to state sufficient facts to support a federal constitutional claim.

The clerk is directed to send Mr. Lee IFP forms.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2011, at Topeka, Kansas.

s/Sam A. Crow  
U. S. Senior District Judge

10